### Schofield *et al.* v. Schofield *et al.*

Fish, C. J. 1. One item of the will involved in this case was as follows: "I give my beloved wife, Ellen Elizabeth, the following property, to wit: I want all of my entire estate to remain in her hands until her death, and then I want my property equally divided between my children, William Franklin, John Solomon, and Ella Richardson; and my wife's grandchildren Annie Hudson, Willie Hudson, and Grady Turner, and Amy Hudson. I want them to have one child's part of my estate. I will to my daughter, Melvina Bennett, five dollars of my estate. I want my sons, James P. Schofield and Reese Schofield, to share equally with the rest of my children in all of the perishable property." *Held,* that the words "perishable property," construed in connection with the entire will and with the evidence showing what character of property was owned by the testator, were intended by the testator to include personal property of every description of which he died possessed; and in an accounting among the legatees, James P. and Reese Schofield were entitled to participate in the distribution of all personal property.

2. No ground of the amendment to the motion for new trial was of sufficient merit to require the grant of a new trial.

3. There was evidence authorizing the verdict.

*Judgment affirmed.   All the Justices concur.*

NOVEMBER 17, 1916.

Equitable petition.   Before Judge Mathews.   Crawford superior court.   November 27, 1915.

*L. D. Moore,* for plaintiffs.

*Hall & Roberts* and *W. J. Wallace,* for defendants.